THOMAS E. ROBERTS *v.* ALEXANDER OLDHAM, and others.

The equity of *marshalling* cannot be administered upon an application by a Sheriff for instructions for the distribution of money raised upon sundry executions.

If an execution *by its own teste* be upon an equal footing with executions in behalf of other persons, it will not be postponed because, being an *alias,* the *original* upon which it issued was *indulged.*

Where some of the executions were against a firm, and others against O., one of its members, *Held,* as the property sold was firm property, and insufficient to satisfy the former class of executions, the money should be divided *pro rata* amongst those, in exclusion of the latter class;

*Also,* that the fact that one of the firm creditors was secured by a mortgage upon the separate property of O., had no effect in postponing his rights to the proceeds in the hands of the sheriff.

(*Palmer* v. *Clark,* 2 Dev. 354, cited and approved.)

Question as to the application of money brought into Court upon sundry executions by a sheriff, decided by *Russell, J.,* at Fall Term 1868 of the Superior Court of NEW HANOVER.

The sheriff stated that he had in his hands some $1,400 25 which he had raised upon sundry executions; *some* of which (in all for about $1,975.00) were against the firm of Oldham, Denmark & Co.; and *others,* to a large amount, were against Oldham alone, for individual debts. The money was raised by sale of property belonging to the firm.

For the creditors of the latter class, it was argued that Mr. Murphy, the principal firm creditor, had lost the priority of his execution (which was an *alias*) because he had indulged the defendant, and because he had (as was admitted) a mortgage upon the separate estate of Alexander Oldham for the same debt, and to an amount more than enough to satisfy it.

Upon consideration, his Honor directed the sheriff to apply the money in hand among the executions in favor of the firm creditors, Patrick Murphy and Bruce & Cook, *pro rata;* thereupon the other class of creditors appealed.

No counsel for the appellants.

*Strange, contra.*

DICK, J.  The rule that partnership property cannot be subjected to the separate debts of the partners until after all the partnership debts are paid, is so well settled by numerous and uniform adjudications, that it is unnecessary to refer to authorities.  It may be regarded as a first principle of law.

In this case it appears that the sheriff had in hand three executions against Oldham, Denmark & Co., for the partnership debts; and several others against Alex. Oldham, one of the partners of said firm, for his individual debts.  The property of the firm was levied on and sold, and the fund in controversy realized.  After bringing the fund into the Court below, the sheriff asked instructions from his Honor as to its proper distribution.  His Honor ordered the sheriff to pay the money to the partnership creditors *pro rata.*  From this order, the present plaintiffs appealed to this Court.

The appellants assigned two causes of objection to the order of his Honor.  First, The executions of Murphy are on alias *fi. fa.'s,* and on the *originals* he had indulged the defendants.  These alias *fi. fa.'s* are of the same *teste* with the other executions.  This places the claimants on terms of equality in this respect.  *Palmer & Co.* v. *Clark,* 2 Dev. 354; but Murphy has superior rights to all the claimants except Bruce and Cook, because his executions are for partnership debts, and the funds to be distributed are partnership effects.

The second objection is, that Murphy has a mortgage on the separate property of Alex. Oldham, amply sufficient for the security of his said debts; and he ought to be required to resort to such property for payment.

Murphy is entitled to assert his right to both funds until

his debts are paid. He can properly claim his *pro rata* share of the present fund, and resort to his mortgage for the residue of his debts. The sale of the equity of redemption by other parties, does not affect the claims of Murphy, or materially change the equitable rights of the appellants. The equity of marshalling is a personal one against a debtor, and does not bind the paramount creditor. If however, the paramount creditor resorts to the doubly charged fund, the puisne creditors may be substituted to his rights,—but these rights cannot in this case be administered. Adams' Eq., 271.

Questions of this kind were formerly determined in a Court of Equity, but as the separate and peculiar jurisdiction of this Court has been abolished, it may be that the appellants can find appropriate relief under provisions made in the Code of Civil Procedure. The order of his Honor is affirmed, with costs against the appellants, and the sheriff will pay the money as directed.

PER CURIAM.                                    Judgment affirmed.