W. S. BROADDUS & S. W. EDWARDS, partners, &c. *v.* W. J. EVANS.

In an action for the value of lumber delivered by a firm, the acceptance thereof by the defendant is evidence of privity of contract between the parties.

One partner cannot, without the consent of his co-partner, agree to receive payment for goods sold by the firm in debts due by himself individually.

ASSUMPSIT, tried before *Jones, J.,* at PITT, Spring Term 1869.

The plaintiffs declared as partners, for the price of certain lumber by them delivered to the defendant.

It appeared upon the trial that the plaintiff Edwards, before he became a member of the firm, had contracted to deliver a quantity of lumber to the defendant, in payment of a debt due him. The lumber was being sawed at the mill then belonging to the plaintiff Broaddus, and before it was entirely delivered the partnership was formed. Broaddus agreed, at Edwards' instance, that the mill should continue to furnish lumber as before.

Evans also agreed to receive the lumber as before—and it was delivered.

The partnership continued but a short time, and on its dissolution the effects were assigned to Broaddus, he agreeing to pay the debts.

On the account being presented to Evans, he claimed that it had been paid by a credit given to Evans, as by agreement. Broaddus thereupon denied having anything to do with paying Edwards' individual debts.

There was other evidence not material to be stated.

His Honor instructed the jury that there was no privity of contract between the parties to the suit.

Verdict for the defendant. Rule, &c. Rule discharged. Judgment and Appeal by the plaintiffs.

*Johnson,* for the appellants.
*Hilliard, contra,*

READE. J.   His Honor instructed the jury that, to entitle the plaintiff to recover there must be " privity of contract." That is unquestionably true.   He then instructed them that according to the evidence there was no privity.   Of course that was an end of the case, and was the same as to say that they must find for the defendant.

In this there was error: for, the fact that the plaintiffs furnished the lumber and the defendant received it, raised an implied promise on the part of the defendant to pay the plaintiffs for it.

This implied promise was, however, subject to be controlled by any express contract which may have existed between the parties, and evidence was offered to show that there was an express contract between one of the plaintiffs, Edwards, and the defendant, to the effect that the defendant was not to pay the plaintiffs, but was to pay him, Edwards, by crediting the amount of the lumber on an individual claim of the defendant's against Edwards.   This contract, supposing it to have existed, was no defence in this action, because it was a fraud upon the partnership—the plaintiffs.   A creditor of one of several partners has no right, even under an express contract with such partner, to apply partnership effects to the satisfaction of a debt against such partner.   This is, however, subject to the exception, that if the other partner consents to the contract, then it is valid, and will control the implied contract.

Was there any evidence in this case that the other partner, Broaddus, consented to the express contract between Edwards and the defendant?   Broaddus, who was examined as a witness, said that his partner, Edwards, had made the contract with defendant, and informed him of it, and asked him if the mill of the partnership would furnish the lumber, and that he " assented thereto."   Edwards, who was also examined, said that Broaddus assented to the contract, and was to look to him, Edwards, to settle for the lumber with the firm.   This evi-

dence ought to have been submitted to the jury, with proper instructions, as tending to show that the partnership assented to the express contract made by Edwards and the defendant, and that the implied contract was controlled by the express contract.

There must be a *venire de novo.*

PER CURIAM.                                          *Venire de novo.*