WILLIAM C. ROSS and others v. WILLIAM F. HENDERSON and others.

*Partnership--Sale of One Partner's Interest--Partnership Creditors --Statute of Limitations.*

1. Where land is purchased with partnership funds and conveyed to the partners by name, although in law they are considered as tenants in common and no notice is taken of the equitable relations arising out of the partnership, yet in equity the partnership property is devoted to partnership purposes and a trust is created for the security of the partnership debts; *Therefore,* when a partnership becomes insolvent, its property is primarily liable to the payment of the partnership debts, to the postponement of the creditors of the several partners.

2. An attempt by one partner to sell his interest in partnership property in payment of his individual debt, is a breach of the partnership agreement for which the other partner or the creditors of the partnership have a remedy.

3. If the vendee in such case knows that the property conveyed is partnership property, he is deemed to have had notice of the trust and is held to have purchased only what his vendor could equitably convey, *i. e* the legal estate of the vendor subject to the state of the partnership accounts.

4. *Semble,* that this is also the case where the interest of one partner in partnership property is sold under execution issued on a judgment against him upon an individual debt.

5. If a creditor of a partnership obtains judgment against the partnership and levies upon and sells under execution, the interest of *one partner* in partnership property, either the sale is void, or the purchaser takes only the moiety subject to the equities of the other partner or the other creditors of the partnership.

6. An action by the creditors of a partnership to hold the owners of the legal estate, (who purchased the interest of one partner in the partnership property) as trustees for the security of their debts, is not barred by C. C. P. § 34. (9): *Quære,* as to the application of C. C. P. § 37.

(*Donaldson* v. *Bank of Cape Fear,* 1 Dev. Eq. 103; *Baird* v. *Baird,* 1 D. & B. 524; *Williams* v. *Moore,* Phil. Eq. 211; *Roberts* v. *Oldham,* 63 N. C. 297 ; *Broaddus* v. *Evans,* Ibid, 633; *Phillips* v. *Trezevant,* 67 N. C. 370; *Wells* v. *Mitchell,* 1 Ire. 484; *Tredwell* v. *Roscoe,* 3 Dev. 50; *Price* v. *Hunt,* 11 Ire. 42; *Latham* v. *Simmons,* 3 Jones 27; *Polk* v. *Gallant,* 2 D. & B. Eq. 395, cited and approved.)

ROSS *v.* HENDERSON.

CIVIL ACTION to subject Partnership Property to the pay-
ment of Firm Debts, tried at Spring Term, 1877, of DAVID-
SON Superior Court, before *Kerr, J.*

The case is sufficiently stated by Mr. Justice RODMAN in
delivering the opinion of this Court. Judgment for defend-
ants. Appeal by plaintiffs.

*Messrs. Scott & Caldwell,* for plaintiffs.
*Mr. J. M. McCorkle,* for defendants.

RODMAN, J. A very brief summary of the general facts of
the case is necessary to make this opinion intelligible.

In 1858. Henderson Adams and James Smith who were
partners in selling goods, took a deed to themselves for a cer-
tain lot in Lexington. They paid for it and put improvements
on it from the partnership funds and used it for the partner-
ship business. They continued in business until 1868, when
the firm became insolvent and each of the partners was in-
dividually indebted in large sums.

The plaintiffs are several creditors of the firm, who recov-
ered their several judgments in 1869, and sue in behalf of
all the other partnership creditors, if any.

On November 21st, 1867, Smith being individually in-
debted to the defendant, Dusenberry, conveyed to him in
satisfaction of the debt one half of said lot. Certain of the
plaintiffs issued executions upon their judgments recovered
as aforesaid in 1869, and levied on Smith's estate in said lot.
This was sold and bought by Dusenberry in May, 1870.

Certain individual creditors of Adams recovered judg-
ments against him in 1868, under which his estate in said
lot was sold in August, 1868, and the defendant J. H. Adams
became the purchaser. J. H. Adams conveyed his estate to
the defendant, Henderson.

In July, 1875, Smith on his own petition was adjudged a
bankrupt and in (date not stated,) received his final dis-

charge.　His assignee Picket is a defendant in this action.

This action was begun on September 20th, 1876. The plaintiffs demand judgment that the said lot be sold, and the proceeds be divided ratably among the partnership creditors of the firm of Adams & Smith. The Judge below was of opinion that the demand of the plaintiffs was barred by the statute of limitations and dismissed the action, from which judgment plaintiffs appealed.

When land is purchased with the money of a partnership, and conveyed to partners by name, the law considers the grantees as tenants in common, and takes no notice of the equitable relations arising out of the partnership.

In equity, however, it is held that the partnership agreement devotes the partnership property to partnership purposes, and creates a trust in it for the security of the partnership debts. On the insolvency of the partnership it is primarily applicable to the payment of the debts of the partnership, to the postponement of the creditors of the several partners.

When therefore one of the partners undertakes to sell his interest in the whole, or any part of the partnership property in payment of his individual debt, it is a breach of the partnership agreement, for which the other partner, and as subrogated to his rights the partnership creditors may have a remedy.

And if the vendee of such interest knows that the property so conveyed is the property of the partnership, he is deemed to have had notice of the trust and is held to have purchased only what his vendor might equitably convey; that is, the legal estate of his vendor in a half (or other share) of the property subject in equity to the state of the partnership accounts. That was all that Dusenberry acquired on his purchase from Smith. We assume, although it is not distinctly stated, that he knew or had reason to know that the lot was partnership property and was used in the partnership busi-

ness. He knew of course that the consideration which he paid was a release of the individual debt of Smith, and he must be presumed to have known as a matter of law that he was acquiring only Smith's estate subject to all equities.

The authorities in support of these principles are too numerous to be cited in detail. We cite only a few from this Court and refer to the text books for the doctrines in general. *Donaldson* v. *Bank of Cape Fear,* 1 Dev. Eq. 103 ; *Baird* v. *Baird,* 1 D. & B. 524 ; Coll. Part. §§ 135-822 ; *Williams* v. *Moore,* Phil. Eq. 211 ; 1 American L. C. 329 ; *Dyer* v. *Clark,* 5 Metc (Mass.) 561 ; Herman on Ex. 547, § 359 ; *Roberts* v. *Oldham,* 63 N. C. 297 ; *Broaddus* v. *Evans,* 63 N. C. 633 ; *Phillips* v. *Trezevant,* 67 N. C. 370 ; *Wells* v. *Mitchell,* 1 Ire. 484.

On the same principle, if a creditor of one of the partners only obtains a judgment against that partner and levies execution on the whole or any particular part of the partnership property, the purchaser gets merely the legal estate of the defendant in the execution, subject to the equities of the other partner and of the partnership creditors. Coll. Part. § § 166-822 ; 1 Am. L. C. ; Herman on Ex. 538, § 355 ; *Tredwell* v. *Roscoe,* 3 Dev. 50 ; *Price* v. *Hunt,* 11 Ire. 42 ; *Latham* v. *Simmons,* 3 Jones 27. And this would be true at least in this State, whether the purchaser knew that the property was partnership property or not, as such a purchaser takes subject to all equities whether he knows of them or not. *Polk* v. *Gallant,* 2 D. & B. Eq. 395.

J. H. Adams, by his purchase under execution against Henderson Adams, acquired the legal estate of the defendant in execution subject to the equities aforesaid. As Henderson to whom J. H. Adams conveyed does not plead that he was a *bona fide* purchaser for value and without notice, he acquired the rights of his vendor and no more. For Dusenberry however it is said, that after the conveyance to him by Smith, certain of the present plaintiffs having recovered

judgment against both the partners for partnership debts, levied on and sold the estate of Smith in one moiety of the lot, when he (Dusenberry) became the purchaser ; so that by this purchase he acquired both a legal and equitable estate in a moiety of the lot.

If a creditor of a partnership gets judgment against the partners and levies upon and sells any piece of the partnership property, the purchaser gets a title thereto clear of any equities arising out of the partnership relation. Coll. Part. § 822. But to have this effect the levy must be on the estate of both partners in the particular property, and not on the estate of one alone. If the levy is on the estate of one only, it is either void, or the purchaser gets only the moiety subject to the equities of the other partner. Coll. Part. § 822 ; *Johnson* v. *Evans,* 7 Man. & Granger 240–50. (E. C. L. R.)

Independently of this, Smith had parted with *his* estate as far as he could by his previous deed, which was good as between him and Dusenberry, and not *void* as to the partnership creditors in the sense in which a deed made to defraud the creditors of the grantor, is.

There was therefore at the time of the sale no estate in. Smith which could be sold under execution at law, and the purchaser acquired nothing.

These general principles lead to the conclusion that the plaintiffs are entitled to the relief sought unless it be prevented by some defence not yet considered. The Judge below seems to have been of this opinion, as he dismisses the action upon the sole ground that it is barred by the statute of limitations. In this we consider that His Honor was in error. We suppose that he came to this conclusion upon C. C. P. § 34, (9), which is in these words: "Within three years." "An action for relief on the ground of fraud in cases which heretofore were solely cognizable in a Court of Equity, the cause of action in such case not to be deemed

to have accrued until the discovery by the aggrieved party of the facts constituting fraud."

We are not aware of any authority on this precise question. We are of opinion, however, that this statute does not apply to the cause of action of plaintiffs. Their right to hold the owners of the legal estate trustees for the security of their debts, does not arise out of the fraud of those owners, but out of the trust created by the partnership agreement, and because those owners bought the land subject to the trust.

It may sometimes be said that one who takes from a partner a conveyance of partnership property in payment of the individual debt of the partner, commits a fraud on the other partner, and in a particular case or in a general sense of the word it may be true. But the act is not necessarily a fraud, and requires the addition of other particulars to make it so. The conveyance may be authorized by the state of the partnership accounts, and thus valid. The ground of the plaintiffs' action is a trust arising by contract and it is not barred by any statute as long as their debts exist in contemplation of law; that is to say, are unpaid, and not barred by the statute of limitations, unless it be by C. C. P. § 37, which bars all actions for relief not otherwise provided for unless commenced within ten years after the cause of action accrued. The plaintiffs' cause of, or right to, this action accrued when they respectively recovered judgments. We do not consider ourselves at liberty to consider the defence set up by reason of the discharge of Smith in bankruptcy.

This question does not appear to have been considered or passed upon in the Court below; neither are the facts respecting it fully stated. We are unable, therefore, to give a final judgment in the action.

Cause remanded to be proceeded in according to this opinion.

Per Curiam.                    Judgment reversed.