This is an action for the recovery of the possession of a tract of land described in the complaint by metes and bounds, "containing by estimation 122 acres, more or less, and being a part of the land known as the Bensboro farm." The defendants denied that plaintiff was owner of the land or that they wrongfully withheld possession thereof. The general issue as to plaintiff's ownership was submitted to the jury. There was evidence tending to show that Peyton Atkinson, on 14 July, 1847, purchased the land in controversy from one Rives; that, upon his death, in a proceeding for partition of his land, a tract known as the "Bensboro lands," containing 1,387 acres, was allotted to his son, Benjamin S. Atkinson; that on 5 February, 1878, the said Benjamin S. Atkinson executed a mortgage conveying the "Bensboro lands," containing 1,437 acres, to Mrs. S. V. Whitehead, for the purpose of securing the payment of a note of $19,200 to be due 1 January, 1883. Said mortgage was duly recorded. That Benjamin S. Atkinson and his wife on ______ April, 1887, conveyed the land in controversy to (78) Marcellus Moore; that by successive conveyances the title of Moore vested in the feme defendant; that Benjamin S. Atkinson died in 1884; that at March Term, 1895, of Pitt Superior Court, an action was instituted by S. V. Whitehead against L. C. King (widow of B. S. Atkinson, who had intermarried with one King) and the children of said B. S. Atkinson. Neither Marcellus Moore nor those claiming under him were made parties to this action. Mrs. Whitehead died pending the action, and R. L. Davis, her executor, was made party plaintiff. At December Term, 1897, of said court a decree was passed directing a sale of the land described in the mortgage, and pursuant thereto B. F. Tyson, commissioner, sold and conveyed the same to plaintiff on 17 March, 1899. The description in the deed was the same as that in the mortgage. Mrs. S. V. Whitehead was at the date of said mortgage and at all times thereafter until her death, a femecovert, living separate and apart from her husband. Plaintiff introduced evidence tending to *Page 97 
show that the land in controversy was a part of the "Bensboro lands." Defendant introduced testimony tending to show that it was not a part of the said lands, and that it was known as the "Rives tract." There was evidence tending to show that Marcellus Moore was, by his tenants, at some time after his purchase from Benjamin S. Atkinson, in possession of the land in controversy. There was also evidence tending to show that for a year or two no one was in the actual possession thereof. The plaintiff interposed a large number of exceptions to the rulings of his Honor upon the admission of testimony, many of which, in the view which we take of the case, are immaterial. Whether the mortgage executed by Benjamin S. Atkinson to Mrs. Whitehead included the land in controversy is a question of fact which was submitted to the jury under instruction by the court upon the general issue. We cannot say whether their negative response was based upon the acceptance of the defendant's contention in this respect or was reached by their (79) conclusion in regard to other questions submitted to the jury by the court. While this question was not upon the pleadings presented in the form of an issue as defined by section 391 of The Code, it was upon the evidence so presented that its determination by the jury in the negative would have put an end to the controversy. We think that it would have been well for the court, pursuant to the provision of section 399 of The Code, to have submitted this "specific question of fact" to the jury. Quarles v.Jenkins, 98 N.C. 258. Assuming, for the purpose of disposing of this appeal, that the land in controversy is included in the mortgage, the record presents the following state of facts in regard to the title:
The legal title vested in Mrs. Whitehead by virtue of the mortgage, the equity of redemption remaining in B. S. Atkinson. The deed executed by Atkinson and wife to Marcellus Moore vested in him the equity of redemption, and by successive conveyances this equitable estate or right vested in the defendants. The defendants, therefore, were necessary parties to the action to foreclose this mortgage in so far as it was sought to effect the title to the land in controversy. They were entitled to a day in court to the end that they might set up not only all defenses that were available to Atkinson, but also to insist that the plaintiff should be compelled to exhaust the remainder of the land conveyed by the mortgage for the payment of the note before resorting to the portion conveyed to them. "The rule of equity is that where one creditor can resort to two funds for the satisfaction of his debt, and another to only one of the funds, the former shall first resort to the fund upon which the latter has no claim, as by this means of distribution both may be paid. And it is an analogous principle of equity that when a debtor *Page 98 
whose lands are encumbered by a judgment sells one portion of it, the creditor, who has a lien upon that which is sold and upon that (80) which is unsold, shall be compelled to take his satisfaction out of the undisposed-of land, so that thus the creditor and purchaser may both be saved." Jackson v. Sloan, 76 N.C. 306; Francis v. Herren,101 N.C. 507. The defendants, if made parties to the action for foreclosure, could have pleaded the statute of limitation, The Code, sec. 152 (3). Whether it would have availed them in view of the fact that Mrs. Whitehead was at all times under coverture, but living separate and apart from her husband, presents several interesting questions which we do not think best, in the present condition of the record, to decide. It is not presented, because it is not pleaded. The plaintiff sues and relies upon his legal title. He is confronted with the difficulty that Mrs. Whitehead died pending the foreclosure proceedings, and her executor alone and not her heirs at law or devisees are made parties; hence the legal title was not by the decree or the sale made thereunder divested out of them or vested in the plaintiff. They were necessary parties to that end. Etheridge v. Vernoy, 71 N.C. 184. The defendants, or those under whom they claim, not having been made parties, the equitable estate which passed to them by the deed of B. S. Atkinson was not affected or foreclosed by the judgment or sale. It follows, therefore, that the plaintiff cannot recover the land in this action in the present condition of the pleadings. Neither the legal nor the equitable title has vested in him. It is true that it appears that B. S. Atkinson was the son of S. V. Whitehead, and that his children are heirs at law; but it further appears that she made a will, and we cannot say from the record whether they are her devisees, or, if she died intestate quoad this property, whether they are the only heirs at law. We are of the opinion that a new trial should be ordered and the cause remanded, to the end that the necessary parties be made and the pleadings so amended that the rights of all parties may be passed upon and adjudicated.
(81) It may, in view of the argument before us, be proper to say that there was error in permitting the defendant to show a written assignment of the note of B. S. Atkinson by the testimony of S. V. Joyner, to which the plaintiff duly excepted. There was no evidence that the note was lost or that the transfer was in the handwriting of the payee. We are of the opinion that his Honor was correct in admitting the declaration of Mrs. Whitehead for the purposes to which he restricted them, to show that the land in controversy was not understood or intended by the parties to be included in the mortgage. The description in the mortgage is ambiguous, and parol evidence is competent to explain and fit the description of the thing. The declaration *Page 99 
was not competent for any other purpose. If it shall appear by competent evidence that the note was transferred by Mrs. Whitehead to Mrs. L. C. Atkinson and that the latter became discovert in 1884, thus putting the statute in operation against her, an interesting question would be presented. But as it is not presented by the record or argued before us, we think it best to express no opinion in regard to it.
The possession of Marcellus Moore and those claiming under him cannot ripen into title against Mrs. Whitehead, because they took and held title to the land in subordination to the mortgage. Parker v. Banks,79 N.C. 480. "Mortgagor is tenant of the mortgagee, and, therefore, his possession is not adverse. The possession of the mortgagor and those who claim under the mortgagor is the possession of the mortgagee, and the mortgagor remains only by permission of the mortgagee." We do not understand his Honor to have held otherwise, but he instructed the jury that if Marcellus Moore and those claiming under him had been in the possession of the land for ten years, this would be a bar to the plaintiff's recovery. In the condition of the pleadings this charge was erroneous, because the ten-years bar, section 153 (3) of The Code, can only be set up by answer. It is well settled that the defendant may, under the general issue, rely upon the possession for seven years (82) under color of title. But, as we have seen, this defense is not open to the jury, for the reason just stated. We have not passed upon the exceptions in their order, because, as we have said, they were not presented upon the pleadings. We therefore order a new trial, to the end that the parties may amend their pleadings as they may be advised, making such other parties as may be necessary.
New trial.
Cited: Dry Kiln Co. v. Ellington, 172 N.C. 485.