PeausoN, Jr
 

 This-was assumpsit, upon a promise to pay one hundred dollars as the price of a tract of land. The plaintiff proved, that he sold to the defendant a tract of land, and executed to him a bond for title, to be made
 
 *299
 
 when the purchase money was paid; whereupon, as the price of the land, the defendant promised to pay one hundred dollars to certain persons, to whom the plaintifF was indebted. The defendant relied on the statute of frauds —Rev. Stat. ch. 50, sec. 10 and S. The 10th section provides, that “no action shall be brought to charge the defendant upon any special promise to answer the debt, default or miscarriage of another person, unless the agreement or some memorandum or note thereof be in writing."
 

 The case does not fall under the operation of this sec* tion, for the promise is to pay the debt, not of another person, but of the
 
 very person
 
 to whom the promise is made, and it is well settled, that such a promise does not fall within the operation of this section of the statute.
 

 The 8th section provides, that all contracts to sell or convey lands and slaves shall be void, unless such contract or some memorandum or note thereof be put in writing, and signed by the party to be charged therewith, &c. The contract, in this case, was for the sale of land. The defendant signed no memorandum or note in writing, whereby he can be charged; and we are at a loss to see any ground, at all plausible, to support an action against him upon a mere verbal promise.
 
 Laythroop
 
 v. Bryant. 2 Bing. N. C. 744. The defendant had signed a written contract to convey land. The plaintiff (lilce the defendant in this case) had only made a verbal promise to pay the price, and it was urged for the defendant, that he ought not to be held liable under his written promise, inasmuch as the plaintiff was not bound by his verbal promise; but, said the Chief Justice, “whose fault was that ? The defendant might have required the plaintiff’s signature. The object of the statute was, to secure the defendant. In the argument, a little confusion has grown out of the fact of not distinguishing between the consideration of an agreement and the mutuality of claim. The defendant, for a sufficient con.
 
 *300
 
 sideration, has bound himself in writing; whether the plaintiff is bound or not is not now the subject of enquiry.” In this case, the construction of the statute was fully discussed. It is taken for granted, and as a thing not debatable, that the party,
 
 who did not sign
 
 the memorandum or note in writing, was not liable, and the idea of his being liable is not even suggested. In
 
 Miller
 
 v.
 
 Irvin,
 
 1 Dev. & Bat 103, it is held that the act of 1819, to make void parol contracts for the sale of laud and slaves, does not require the consideration to be set forth in the writing. This is a departure from the English law, but we cannot see, that it has the least bearing upon the present question. So, in
 
 Choate
 
 v.
 
 Wright,
 
 2 Dev. 289, and many cases following that decision, it is held, that this statute does not apply to executed contracts. We concur with these cases, but they have no bearing upon the present question. The contract here was not executed on either side and was purely executory.
 
 Carter
 
 v.
 
 Graves, 2
 
 Haw. 576,
 
 Smith
 
 v.
 
 Lewis,
 
 3 Hawk 469, and several other cases for the price of land, where deeds had been executed, in which the payment of the purchase money vras recited and a release given, all turned upon the question of estoppel, and the point is not made, whether the vendee was bound for the price without a promise in writing, because those were cases of executed contracts.— The contract in the case now under consideration is exe-cutory, and comes within the words, as well as the meaning, of the statute, which was intended to prevent fraud and perjury, in relation to contracts for the sale of land and slaves.
 

 Per Curiam Judgment reversed and
 
 venire de novo.