Plaintiff alleged that in September, 1870, he and the defendant formed a partnership in the city of Charlotte, N.C. for the purpose of conducting the business of merchant tailoring; that defendant was to furnish $5,000, and plaintiff was to use his skill and experience as a set-off to such capital; that extensive purchases of material, etc., were made in the northern cities, and the business was conducted profitably until January, 1872, when it was dissolved by mutual consent; that at the time of the dissolution it was agreed that all the stock of goods on hand should be sold, and the proceeds received by the defendant, and that all the outstanding claims should be collected and the proceeds of all applied to the payment of the debts, and in case of any losses, plaintiff was to be accountable for one-half and the defendant the other half; that a sale of the goods was made; that the defendant (371) purchased to the amount of $3,500, and also received cash from purchased to the amount of $898. Plaintiff purchased to the amount of $1,638. That there were in the hands of the defendant, at that time, goods and solvent claims to the amount of $2,768, doubtful accounts $493.45, cash $237.25, 20 shares of stock of the "Fair of the Carolinas," policy of insurance valued at $60; that plaintiff had drawn from the firm $1,266.55, and defendant the sum of $870.72; that debts were due from the firm amounting to over $7,000, and which defendant agreed to pay out of the assets, as far as they would go; that he had failed to do so, and the plaintiff has been surprised at the receipt of letters, alleging that defendant has written that he would only pay seventy-five cents in the dollar of the indebtedness of the firm. Plaintiff avers, as his belief, that the defendant, instead of applying the assets of the firm to the discharge of the indebtedness, has been misapplying them to his own individual purposes, much to the injury of plaintiff, contrary to the trust reposed in him, etc. He alleges that since the dissolution *Page 270 
he has, with his own funds, paid off and discharged a debt due from the firm amounting to $1,577. He avows his readiness to pay his share of the losses of the firm, as soon as they can be ascertained.
Plaintiff further alleges that the defendant has collected the larger part, if not all the claims due to the firm, which were in his hands, and the funds have not been applied to the extinguishment of the debts.
Plaintiff prays that a receiver may be appointed, and an injunction issued.
Upon application to Judge Cloud, at Chambers, an order of injunction was granted. The injunction was issued by the Clerk of the Superior Court of Mecklenburg County.
Plaintiff filed an affidavit in addition to the above complaint, stating in substance that, since his complaint was filed, he has learned (372) that defendant had collected from the sale of goods about $1,500, from the debts of the firm $2,350, and $60 by transferring the policy of insurance; that none of the funds have been applied to the discharge of the debts, and that they have been forwarded for collection, and he has been called on for payment; that defendant has repeatedly stated that he is insolvent, and he is informed and believes that defendant intends to remove from the State as soon as he can dispose of the goods in his possession.
During the term of the Superior Court, notice of a motion of dissolve the injunction was given to the plaintiff, and a notice was given to defendant of a motion for the appointment of a receiver. During the term of the Court aforesaid, the motion for appointment of a receiver was made before his Honor, Judge Logan, and the following entry appear of record: "Motion to appoint a receiver. Motion refused."
From the above ruling plaintiff appealed.
Where one partner, who is insolvent or in failing circumstances, without the consent and against the will of the other partner, is (373) disposing of the effects of the partnership and appropriating them to his own use, the other partner has the right to an injunction and to have a receiver appointed. That is our case. There was error in refusing the plaintiff's motion for a receiver.
This will be certified, to the end that a receiver may be appointed, with power to collect and receive the effects of the partnership, subject to such directions as may, from time to time, be given by the Court below. *Page 271 
See case between the same parties at this term on motion to vacate injunction.
If necessary, an application may be made to the Judge at Chambers for a receiver.
PER CURIAM. Error.
Cited: Ross v. Henderson, 77 N.C. 173; Allen v. Grissom, 90 N.C. 94;Taylor v. Russell, 119 N.C. 33.
NOTE. — In another case between the same parties and upon the same state of facts, a motion was made to vacate the injunction granted by Judge Cloud. The "motion was allowed," and plaintiff appealed. The opinion delivered by the Court in the reported case is equally applicable to this. REP.
(374)