W. H. TAYLOR v. H. A. RUSSELL, et al.

*Statute of Frauds—Pleading—Partnership—Injunction and Receiver.*

1. Under a parol agreement to convey real estate, the person who is to receive the conveyance cannot plead the Statute of Frauds if the other is able and willing to perform his contract.

2. Where one partner agrees to convey an interest in real estate, and is able and willing to perform his part of the contract, equity will consider what should be done as done and the partners joint owners of the property.

3. Where, after the dissolution of a partnership, one of the partners, who is insolvent, retains possession of the assets and buys a subsisting mortgage upon the real estate of the partnership under which he is proceeding to sell, it is proper to restrain the sale, appoint a receiver and order an account.

CIVIL ACTION, pending in BEAUFORT Superior Court, for an injunction and the appointment of a receiver, etc., and

heard before *Boykin, J., at Chambers*, in Washington, N. C., at May Term, 1895, of BEAUFORT Superior Court. His Honor continued the restraining order theretofore granted by *Brown, J.*, and ordered an account, and appointed a receiver, and defendant appealed. The facts appear in the opinion of Associate Justice FURCHES.

*Messrs. J. H. Small* and *B. B. Nicholson*, for plaintiff.
*Mr. W. B. Rodman*, for defendant (appellant).

FURCHES, J.: This action is before us by appeal of the defendants from an order of the court below granting an injunction and appointing a receiver. And as the appeal is from an interlocutory order based upon affidavits, it becomes our duty to consider only such matter as will enable us to determine whether the order appealed from should be continued till the final hearing, and to leave as many of the disputed and litigated questions undisposed of as we can until the final hearing.

It appears from the affidavits of both parties that there was a partnership entered into to do a milling and lumber business, (though there is some dispute as to the terms of this partnership, and we do not undertake to settle this disagreement,) and that under this agreement the plaintiff and defendant commenced and carried on the milling and lumber business for some time, both parties alleging that they put money and labor into the concern.

After operating this business for some time a disagreement took place between them and work was suspended, and the defendant alleges that the partnership was dissolved, and plaintiff does not deny this allegation. A part of the agreement was that plaintiff should convey to the defendant an undivided half-interest in the mill and land upon which it was located, subject, as the plaintiff alleges,

TAYLOR *v.* RUSSELL.

to two mortgages then existing upon said property, one
to the Bank of Washington and another to Thomas Lee
for $3,500.   The defendant admits that he was to take his
moiety subject to the Lee mortgage, but denies that the
other mortgage was named, and further alleges that he had
no knowledge of the bank mortgage.   It is also alleged
and admitted that the defendant has taken possession of
what money there was on hand belonging to the concern,
and that he has taken possession of the logs and lumber
on hand, also the books and accounts.   And it is alleged
and not denied that the defendant is insolvent.   This ordi-
narily would seem to entitle the plaintiff to an account, to
an injunction against the defendant's selling the property,
and to a receiver.

But the defendant sets up two reasons why he says the
plaintiff is not entitled to this order.   First, that a part of
the contract was that the plaintiff was to convey to him
one-half of the mill, &c., which is real estate ; that the
plaintiff has refused to do this, and that it is a contract
within the Statute of Frauds, not being in writing, and the
defendant pleads this statute.   The plaintiff denies that he
ever refused to convey this property to the defendant, and
alleges that he is now ready and willing, and always has
been, to convey to the defendant upon his complying with
his part of the contract.   So we see that this is one of the
matters of dispute between the parties · that we cannot
decide, but it is a question of fact necessary to be consid-
ered by us in passing upon the question of injunction.   If
the plaintiff is prepared and willing to make defendant a
deed according to the contract, as he alleges he is, the
defendant cannot prevent it by pleading the Statute of
Frauds.   He is at the wrong end of the contract to do this.
*Green* v. *Railroad*, 77 N. C., 95, and a dozen other cases
cited by Womack under this case.

TAYLOR *v.* RUSSELL.

If the plaintiff is ready and willing to convey, as he alleges he is, equity will consider what should be done as done, and the defendant, in equity, a joint owner of this property.

But the defendant says further that since the dissolution of the partnership he has bought the Thomas Lee mortgage, and has paid, or has obligated himself to pay, $2,250 for it, and it is under this mortgage that he has advertised the property and is proposing to sell, and should not be interfered with by injunction, while, on the other hand, the plaintiff replies that there are at least two reasons why he should be enjoined, viz. : That it was an incumbrance upon the partnership of which the defendant is a member ; that the basic principle of partnership is good faith ; that each partner is an agent, and even a trustee, of the partnership, Beach on Mod. Eq. Juris., § § 538, 882 ; and, as this purchase was a transaction in which the partnership was interested, that the partnership is entitled to share in the benefits of this purchase. These are interesting questions, or will become so if upon the trial the plaintiff is able and willing to make good his allegation to convey.

So, taking into consideration the allegations of the plaintiff, the admissions of the defendant, and his alleged insolvency, which is not denied, we are of the opinion that it is a clear case for an account, for a receiver and for an injunction. *Phillips* v. *Trezevant*, 67 N. C., 370. There is no error and the judgment below is affirmed.

Affirmed.