BATTERY PARK BANK, J. B. Bostic and J. G. Merrimon, Trustees,
v. JAMES H. LOUGHRAN.

(Decided June 5, 1900.)

*Bank Indebtedness—Past Due Notes Lodged as Collaterals—*
*Defenses—Finding of Referee—When Conclusive—*
*Evidence.*

1. Past due notes lodged with a bank to secure indebtedness, are
   taken subject to all proper defenses by the makers against the
   original payee.

2. The finding of facts by a referee, upon *some* evidence, concurred
   in by the Judge, although apparently against the weight of
   evidence, is conclusive, and not subject to review.

3. Where there was *some* evidence before the referee tending to
   show that the collaterals were notes made by the defendant
   to plaintiff J. B. Bostic, who pledged them to the plaintiff
   bank, when past due—that they were made to Bostic in pur-
   chase of three lots from him by defendant, upon an agree-
   ment that upon payment of one-fifth of the purchase money
   Bostic would deliver to him a good bond for title to secure a
   fee simple deed, when defendant should comply with his part
   of the contract—that Bostic had failed to give the defendant a
   bond for title upon payment of the notes, and had sold the
   lots to other parties. The referee found the facts as con-
   tended for by defendant, and his finding was approved by the
   Judge: *Held,* to be conclusive.

CIVIL ACTION upon six promissory notes executed by de-
fendant payable to J. B. Bostic, who after maturity lodged
them as collaterals to secure a debt he owed the plaintiff bank,
tried before *Coble, J.,* upon exceptions to report of referee,
filed by plaintiff, at November Term, 1899, of BUNCOMBE
Superior Court. By an amendment to his answer the defend-
ant set up as a defense an entire failure of consideration, and
there was a reference to ascertain the facts. There was *some*

evidence tending to establish the defense, and the referee reported the facts as contended for by defendant. The plaintiffs excepted to the report, but his Honor approved the finding of the referee, and rendered judgment in favor of defendant. Plaintiffs excepted and appealed.

This case was before the Court at February Term, 1898, reported in 122 N. C., 668.

*Mr. T. H. Cobb,* for appellants.
*Mr. W. W. Jones,* for appellee.

MONTGOMERY, J.   This action was commenced originally for the recovery of the amount due by the defendant on six promissory notes, three of them payable two years from date, and three of them three years from date, which he, with two others, had executed to the plaintiff Bostic, and which Bostic had assigned as collateral security to the plaintiff bank for a debt which he owed it. Afterwards Bostic made an assignment of his property, including his equitable interest in these notes, to the other defendant J. G. Merrimon, as trustee. The considerations upon which these notes were executed was not stated in the complaint. The defendants in their answer admitted the execution of the notes, averring that the consideration therefor was the purchase price of three lots of land situated in Asheville, sold at public auction by Bostic and bought by the defendant. Three defenses were set up by the defendant in his answer:

1. That while the sale of the lots was going on. Bostic made to the defendant false and fraudulent representations in respect to the manner in which the sale was to be conducted, viz., that there would be no by-bidding, when in fact, Bostic had procured by-bidders who fraudulently ran up and increased the price of the lots greatly in excess of their true value.

2. That after the notes were executed, Bostic sold the lots without the consent or authority of the defendant to various persons, and thus disabled himself from executing proper deeds to the lots to the defendant, and that the plaintiff bank had full knowledge of the defendant's equitable defense; and

3. That Bostic did not have a good title to the property at any time since the sale, and therefore, that he could not give a good title to the same.

The statute of limitations was also pleaded in defense. In the first trial there was a judgment for the defendant. Upon appeal to this Court by the plaintiff a new trial was ordered. Afterwards in the Superior Court the defendant amended his answer in which he introduced new matter as a defense, and which new matter raised another issue. That part of the amended answer to which we particularly refer is in these words: "That at the time of the sale of the lots mentioned in the original answer, as a further defense, the said Bostic announced or caused to be announced at the sale, that the balance of the purchase money for the lots should be secured by the promissory notes of the purchasers, and that, in consideration of the said purchases and execution of said notes, he Bostic would execute to the purchasers a good and sufficient bond for title in fee simple with warranty, upon the payment of the notes when they became due; that this defendant, with one Millster and one Cleary, purchased certain lots mentioned in the original answer, and executed and delivered to Bostic their said notes, but that Bostic failed and refused to execute to said purchasers a sufficient and legal bond for title to the lots."

The defense set up in the amended answer was not thought of in the original answer, nor on the first trial. It turned out to be, however, the main and only defense which he had, for in the trial before the referee, the cause having been

referred to W. P. Brown with all the issues, to report the evidence, his findings of fact and conclusions of law, the defendant offered no evidence showing fraud in the sale, and he did not appeal from the findings of law by the referee that the debts were not barred by the statute of limitations. The referee in his second finding of fact reported that at and before the sale of the lots there was an agreement between the defendant and Bostic that the defendant should pay one-fifth of the purchase money in cash and execute to Bostic nine notes to be paid in the future, and that, in consideration of the payment of the money and the execution of the notes, Bostic would execute and deliver to the defendant "a good bond for a title to the three lots to secure to James H. Loughran a deed in fee simple for the lots above referred to, when the defendant Loughran should comply with his part of the contract by the payment of one-fifth of the purchase money, and the making and delivering of the said notes above mentioned for the payment of the remainder of said purchase money." The referee also found that Bostic did not comply with his part of the agreement by executing and delivering to the defendant the bond for title, and that on the 26th of October, 1892, Bostic sold the lots to the highest bidder, for cash, to J. A. Burross, L. A. Farinholt and Natt Atkinson, that the money was paid, and that Bostic and his wife executed fee simple deeds for the lots to the purchasers with covenants of warranty.

Upon these findings of facts, the referee concluded as matters of law that Bostic, not having complied with his contract by making and delivering the bonds for title, was not entitled to take anything by reason of his action, and that the notes had no consideration to support them. Those parts of the report of the referee were sustained by his Honor in the court below.

52——126

The counsel of the plaintiffs, in his argument, and in his brief filed, contended that the amended answer raised no issue; that upon its face it was a sham plea, and an absurd one; and that notwithstanding the finding of the referee, that Bostic had failed and refused to deliver the bonds for title, and that his Honor sustained that finding, the plaintiffs were entitled to a judgment because of the failure of the amended answer to raise the issue of the delivery of the bonds for title.

The contention of the plaintiffs' counsel was that the natural and proper construction of the amended answer was that Bostic was to deliver the bonds for title when the *whole* of the purchase money should have been paid by the defendant, and that that was an absurdity, and contrary to the implied admissions on the question of delivery in the original answer. The argument might have some force if we should be bound by a strict grammatical construction, and should apply that to the first part of the amended answer. But it loses its entire weight when the whole of the amended answer is taken into consideration, for the latter part of sec. 2 clears up the full meaning of the section. The amended answer then raises the issues as to the delivery of the bonds for title to the defendant, and the referee under his power passed upon that issue, and the Court below sustained him, most probably on the ground that there was *some* evidence to support the finding. It seems to us that the great weight of the evidence was the other way, but with that we can have nothing to do.

This is not a case like that in which the vendor of land by parol is seeking to recover notes given by the purchaser for the price, tendering at the same time a good and sufficient deed, is met by the debtor with the plea of the statute of frauds. The plea would not avail the debtor. *Taylor v. Russell,* 119 N. C., 30. Nor is it like a case where the vendor did not have a good title to land at the time he made

a contract to convey upon the payment in the future of the purchase money, but who afterwards acquired title before he demanded of the purchaser the purchase money, or before he is called upon to make title. In such a case the purchaser would be bound. *Bank v. Loughran,* 122 N. C., 668.

The notes were past due at the time when the other plaintiffs acquired their interest in them, and they took the notes subject to all proper defences of the defendant against the original payee, Bostic. It is not necessary to discuss the other exceptions of the plaintiffs.

Affirmed.