GEORGE DAVIS et al. v. JOHN MARTIN et al.

(Filed 11 December, 1907).

**1. Deeds and Conveyances—Option—Contract to Convey—Earnest Money—Time Not the Essence.**

A paper-writing wherein the defendants contract to convey to plaintiffs certain duly described lands for a certain price, provided it be paid within three years from date, in consideration of which the plaintiffs paid defendants in cash $25 "by way of earnest," is not an option, but is an absolute contract of sale, of which time is not of the essence, and specific performance will be decreed.

**2. Same—Statute of Frauds—Parties to be Charged.**

When plaintiffs seek specific performance of a written contract to convey lands duly executed and delivered by defendants, the plaintiffs are not the parties to be charged, within the meaning of the statute of frauds, and the fact that they did not sign the contract is not material.

CIVIL ACTION to enforce the specific performance of a contract, heard before *Peebles, J.,* at August Term, 1907, of the Superior Court of RUTHERFORD County.

The court rendered judgment upon the pleadings, from which the defendants appealed.

*Gallert & Carson* and *McBrayer & McBrayer* for plaintiffs.
*D. F. Morrow* for defendants.

BROWN, J. On 16 April, 1903, Amos Owens and wife executed to plaintiffs a paper-writing, duly recorded on 18 April, 1903, wherein said Owens and wife contracted to convey certain lands, duly described, to plaintiffs for $2 per acre, provided said sum be paid within three years from the date thereof. Twenty-five dollars in cash was paid, "by way of earnest," at the time the contract was executed. Amos Owens and wife executed a deed to defendant John Martin for said land, dated 7 April, 1903, which was probated 7 April, 1905, and recorded 4 January, 1906. The answer admits knowledge of the contract made by Owens with plain-

tiffs, and that defendants agreed to perform same, but defendants aver said contract is not a bond for title, but an option only, which has expired without being closed by plaintiffs. This is the only question presented by the appeal.

We think that his Honor did not err in adjudging the paper to be a valid contract for the sale of the land, based upon consideration and in the usual form of a bond to make title. The paper has all the essential elements of a bond to make title. It is in no sense a mere option. It is not a continuing offer to sell, but a complete agreement to sell, accompanied by payment of a part of the purchase money.

There is a decided distinction between an option to purchase, which may be exercised or not by the prospective purchaser, and an absolute contract of sale, wherein one of the parties agrees to sell and the other to buy certain property, the sale to be completed within an agreed time. In the latter case the mere lapse of time with a contract unperformed does not entitle either party to refuse to complete it, and, therefore, time is not of the essence of the contract; but where the contract is merely an option, generally without consideration, of course time is of the essence. The true character of the paper is manifest by its recital of the receipt of $25 as "earnest" money, evidently used in the sense of purchase money. This signifies, not a payment for the privilege of exercising a future option to buy or not, but a payment of part of the contract price for the sale of the land. "Earnest" means a part payment of the purchase price of property. It is a term taken from the civil law, and was more generally used in connection with sales of personalty to "bind the bargain." *Howe v. Hayward,* 108 Mass., 54; 2 Blackstone, 447; *Walker v. Nussey,* 16 M. & W., 302.

The fact that the plaintiffs did not sign the contract will not avail defendants. It was duly executed, delivered and registered, and is binding on the party to be charged. The plaintiffs are not the parties to be charged, within the mean-

ing of the statute of frauds. They stand by their contract to pay, and seek to charge the defendants with its performance.

Affirmed.