W. A. ROGERS v. GENNETT LUMBER COMPANY.

(Filed 20 December, 1910.)

1. Reference Agreed—Power of Court—Procedure.

The court cannot set aside the method of trial agreed upon by the parties to a consent reference.

2. Reference Compulsory—Exceptions—Power of Court.

When either party to a compulsory reference reserves his right to a jury trial, the judge can set the reference aside and submit the case to the jury upon proper issues.

3. Same—Issues.

The judge is not precluded by the issues formulated by the party excepting to a reference; he should submit the issues properly raised by the pleadings.

4. Same—Objections and Exceptions.

A party who does not except to a reference cannot object that the issues were not restricted to those formulated by the other party. He can except only that the issues actually submitted were not such as are determinative of the controversy raised by the pleadings, and did not permit him to present every phase of the controversy.

5. Contracts, Written—Parol Evidence—Consideration—Statute of Frauds—Debt of Another—Interests in Lands—Contemporaneous Agreement.

Plaintiff sold J. certain lands to be paid for at a certain rate per thousand feet of lumber to be cut thereon. The latter sold to defendant, who made a certain cash payment to him in advance, the defendant having no notice that plaintiff owned the land and had reserved a lien on the lumber to secure the purchase price from J. By contracts in writing between plaintiff, defendant, and J., the plaintiff agreed that the payment of the

purchase price be made by the defendant from profits made in cutting the lumber at a lower rate per thousand than originally agreed upon with J., which should be paid to plaintiff on the purchase price in behalf of J.: *Held,* evidence was competent to show an oral contract by which defendant was obligated to pay the purchase price for J.; (1) there was a sufficient consideration to support it in the modification of the lien and price per thousand feet of the plaintiff's contract with J., so that defendant could cut the lumber and continue his contract; (2) it was not a promise to answer for the debt of another, Revisal, 974; (3) the agreement was to assume to pay a certain sum of money; it was an executed and not an executory contract to convey an interest in lands required by Revisal, 976, to be written; and, if it had been, the purchaser could not object; (4) it does not alter or contradict the written agreement, but adds a collateral stipulation, and does not appear as having been contemporaneously made.

MANNING, J., dissenting.

APPEAL by defendant from *Joseph S. Adams, J.,* at Spring Term, 1910, of MACON.

The facts are sufficiently stated in the opinion of *Chief Justice Clark.*

*J. Frank Ray, Johnston & Horn, and George L. Jones for plaintiff.*

*Robertson & Benbow and Aycock & Winston for defendant.*

CLARK, C. J.    When there is a consent reference the court cannot set aside the method 'of trial agreed upon by the parties. It can affirm, modify, or disapprove the report of the referee or can rerefer the case.    When it is a compulsory reference, if either party reserves his right to a jury trial, in the manner pointed out in *Driller Co. v. Worth,* 117 N. C., 515, the judge can set aside the reference and submit the case to the jury upon proper issues.    *Brackett v. Gilliam,* 125 N. C., 380; *Cummings v. Swepson,* 124 N. C., 579; *Morisey v. Swinson,* 104 N. C., 560; *Bushee v. Surles,* 79 N. C., 51.    While the party excepting to the reference should formulate issues, the court is not concluded by them, but should submit the issues properly arising upon the pleadings.    But, certainly, the party who does not

except to the reference cannot object that the judge did not restrict himself to the issues formulated by the other party. He can only except if the issues actually submitted are not such issues as are determinative of the controversy raised by the pleadings, and did not permit him to present every phase of the controversy.

In June, 1907, the plaintiff, W. A. Rogers, sold to the defendant J. M. Rogers the right to cut the timber on the plaintiff's tract of land for $2,500, with the stipulation in the contract that $10 should be paid the plaintiff on each 1,000 feet of lumber, at the railroad station before it was shipped, until the $2,500 had been paid. In October, 1907, the defendant J. M. Rogers sold the right to cut said timber to the defendant lumber company, which paid him his $500 cash in advance. The lumber company had no notice that the plaintiff was the owner of the land, and had reserved a lien of $10 per thousand on the lumber. The lumber company finding it impossible to operate under this contract, in November, 1907, a written agreement was made between the plaintiff, W. A. Rogers, and the defendants, J. M. Rogers and the lumber company, whereby W. A. Rogers waived his lien of $10 in consideration that $4 per thousand, instead, should be paid him, to be credited on the $2,500 purchase money, and further, that before the shipment of each car-load of lumber the lumber company should pay to W. A. Rogers the difference between the cost of producing said car-load of lumber and delivering it at the station, and certain stipulated prices which the parties had agreed should be taken as the market value of the different kinds of lumber. On the same day there was an agreement, also in writing, between W. A. Rogers and the lumber company that if the difference between the cost of producing lumber and delivering it at the station and the estimated market value should not amount to the $4 net agreed to be paid W. A. Rogers, there should be an abatement of said $4 to the amount of actual profit. The plaintiff alleged in his complaint that besides the above contracts, which were all in writing, there was a further oral agreement, in consideration of the release of the $10 lien, that the lumber company would be responsible for the payment of the

balance due of the $2,500 purchase money for the timber, that it "would protect plaintiff and see that he got his money out of the timber, if he would thus modify the contract for the benefit of the lumber company."

The defendant lumber company excepted to the admission of the evidence of this oral agreement, upon the following grounds:

1. That the agreement was without consideration. But the evidence of the plaintiff, if believed, was that the consideration was the reduction of the lien from $10 to $4 to be paid before the shipment of the lumber, so that the lumber company could continue its operations.

2. The defendants contend that the agreement was void, being an oral agreement to be responsible for the debt of another. Revisal, 974.

Upon that proposition his Honor charged correctly as follows: "If you should find in this case that this debt was owing by J. M. Rogers to the plaintiff, who held a lien or mortgage upon the lumber produced from the timber for the payment of the debt therefor, and that the lumber company, in order to get the lumber released from said lien, promised W. A. Rogers to pay the debt or see that the debt was paid, and by reason of such promise W. A. Rogers did release and discharge it from the mortgage for the benefit of the lumber company, then the statute of frauds is not applicable, and you shall answer the first issue 'Yes.'" *Marrow v. White,* 151 N. C., 96, and cases there cited.

3. It has been suggested that said promise was void because it was an agreement in regard to an interest in land, and should have been in writing. Revisal, 976. But this was an executed and not an executory contract to convey an interest in land. That had already been done in the written contract. Besides, this is not pleaded. This was a stipulation to assume the payment of a certain sum of money. *Taylor v. Russell,* 119 N. C., 32. That case cites *Green v. R. R.,* 77 N. C., 95, and other cases which hold that the promisor to pay money "is at the wrong end of the contract" to object that the agreement is not in writing. This has been cited and affirmed, *Harty v. Harris,*

120 N. C., 410; *McNeill v. Fuller,* 121 N. C., 213; *Bank v. Loughran,* 126 N. C., 818; *Davis v. Martin,* 146 N. C., 281.

4. The defendants further contend that the oral agreement varies or contradicts the written agreement. Aside from the fact that it does not appear that it was contemporaneous with the written agreement of 2 November, 1907, which reduced the payment to $4 per thousand and made other stipulations, it may well be that this oral contract was made prior or subsequent thereto, and therefore was not incorporated into the written agreement. But however that may be, it in nowise alters or contradicts the written agreement, but simply adds thereto a collateral stipulation. *Nissen v. Mining Co.,* 104 N. C., 309, and cases there cited. See, also, cases which have cited *Nissen's case* in the Annotated Ed., and *Brown v. Hobbs,* 147 N. C., 73, in which last the subject has been very fully discussed by *Walker, J.*

No error.

MANNING, J., dissenting.