### ISAAC BROWN v. D. W. HOBBS.

(Filed 5 April, 1911.)

**Judgments—Payments—Motions to Enter Satisfaction—Lands—Parol Contracts—Statute of Frauds.**

Upon a motion to enter satisfaction of a judgment under Revisal, sec. 579, a defendant may not set up his parol executory agreement to convey lands to plaintiff for that purpose, such not being in the purview of the statute and not enforcible by him under the statute of frauds.

CLARK, C. J., and WALKER, J., concurring; BROWN, J., concurring in the concurring opinion of WALKER, J.

APPEAL by defendant from *Whedbee, J.,* at August Term, 1910, of DUPLIN.

This is a motion by defendant, under section 579 of the Revisal, to enter satisfaction of a judgment rendered in favor of the plaintiff at August Term, 1907, of the Superior Court of Duplin County.

The defendant offered affidavits to prove that on 13 April, 1908, he sold to the plaintiff a lot in Warsaw, at the price of $1,600, on condition that said judgment should be satisfied as a part of the purchase price; that he had tendered a deed to the plaintiff pursuant to the contract of sale, which the plaintiff refused to accept.

The plaintiff admitted that he had entered into a contract of purchase, alleged that the same was in parol, and contended that the deed tendered did not embrace all the land in the contract.

It was admitted that the contract was in parol and that the plaintiff contended that the deed tendered was not in accordance with the agreement.

His Honor dismissed the motion, and the defendant excepted and appealed.

*F. R. Cooper for plaintiff.*
*Stevens, Beasley & Weeks for defendant.*

ALLEN, J. This seems to be an ingenious effort upon the part of counsel for defendant to enforce a parol contract in regard to land. The section of the Revisal (579) under which the motion is made was intended to give the judgment debtor a speedy and inexpensive remedy when he had made payments which the creditor refused to enter on the judgment. The procedure under the motion is clearly stated in the statute.

We do not think it was intended to embrace a controversy like this, growing out of an independent contract, which may be the subject of another action. The statute says the remedy by motion may be had "when any payment has been made on any judgment."

The defendant has paid nothing. On his own showing, he has entered into an entire contract, void under the statute of frauds, and the plaintiff claims that he is not willing to perform this.

We agree with his Honor that these controversies cannot be settled in this motion.

Affirmed.

CLARK, C. J., concurring: The statute of frauds, Revisal, 976, makes void, not the promise to pay, but only "the contract to sell or convey" realty, when not in writing. The construction that the defendant only can plead the statute makes its application depend upon the accident of the position of the parties to the action. The more reasonable construction is that the "party to be charged" means "the party sought to be charged" with the conveyance of realty.

In 29 A. and E. Enc. (2 Ed.), 808, it is said, citing many authorities: "The vendee in a parol contract for the sale of land cannot set up the statute where the vendor is ready and willing to perform and seeks to recover the purchase money." To the same effect are *Holland v. Hoyt,* 14 Mich., 238; *Burke v. Wilbur,* 42 Mich., 328, which hold that the statute of frauds "does not require the agreement of a vendee to pay the purchase money to be in writing." To the same tenor, *Washington Glass Co. v. Masbaugh,* 19 Ind. App., 105; *Taylor v. Russell,* 119 N. C., 30; *Harty v. Harris,* 120 N. C., 410; *McNeill v. Fuller,* 121 N. C., 213; *Bank v. Loughran,* 126 N. C., 818; *Rogers v. Lumber Co.,* at last term, *ante,* 108, and many other cases in this and other courts. There are authorities to the contrary. The point is an open one, and it may be well to settle it by amendment of the statute. It does not arise for decision in this case.

It would seem clear upon the reason of the thing that as a verbal contract for the payment of money is good and enforcible when given for all other considerations, there is no cause to construe the statute of frauds to make it invalid when the consideration is realty. The mischief intended to be remedied by the statute of frauds is solely the obtaining an inter-

est in land under a verbal conveyance or contract, and it was intended as a protection to the vendor only. There is no protection needed by the purchaser more than by any one else who gives his verbal promise, upon a consideration proven or admitted, to pay money.

WALKER, J., concurring: I assent to the affirmance of the judgment in this case, for the reasons stated in the opinion of the Court, one of which reasons is that the contract for the sale of the land is not enforcible against the plaintiff, who is protected by the statute of frauds. He denies the contract as set out by the defendant, and the statute, therefore, is sufficiently pleaded (*Bonham v. Craig*, 80 N. C., 224); but, in addition to the denial, he specially pleads the statute. If the plaintiff had executed to the defendant a deed for the land, and all of the judgments against the defendant had been paid, except the sum of $492.66, which by the agreement of the parties, if admitted, was to be applied in satisfaction of the judgment, a different question from that presented in the record might be raised, and perhaps, as the contract would be *pro tanto* executed by a delivery of the deed, the plaintiff could not keep the land by claiming under the deed, and avail himself of the statute, in order to escape performance of his part of the contract to pay the balance of the purchase money or apply it to the satisfaction of the judgment. It might well be contended, then, that by retaining the deed as his own, he would thereby affirm the contract and become liable for the purchase money. *Smith v. Arthur*, 110 N. C., 401; *Rice v. Carter*, 33 N. C., 298; *Choate v. Wright*, 113 N. C., 289; *Drake v. Howell*, 133 N. C., 168. The statute was enacted to prevent frauds and not to encourage them. But I need not stop to inquire how such facts, if they existed, would affect the rights or remedy of the defendant (who is the actor in this case, the plaintiff, alleged vendor, being the party to be charged), for the contract relied on by the former is purely executory in its terms. Neither party has performed his part of it, if it ever was made. In this state of the facts, the plaintiff can successfully resist the motion of the defendant under

the statute. He occupies the right position in the proceeding, for the defendant seeks to "charge him," or, in other words, to enforce a performance of the contract by him. With respect to the plea of the statute of frauds, there is no right or "wrong end of the contract." It might be proper to say that a party is at the "wrong end" of the suit to plead the statute, for if he were not the defendant, or the party against whom it is sought to enforce the contract, whether plaintiff or defendant, vendor or vendee, he might, in a general sense, be said to occupy the wrong position in the case for that purpose. *Judge Pearson* crystallized the true doctrine when he said in *Rice v. Carter,* 33 N. C., 298: "The object of the statute was to secure the defendant." He, of course, referred not only to a party whose nominal position on the record is that of a defendant, but to one whose real and substantial position is such, as being the party sought to be charged by an enforcement of his part of the contract. This Court dealt with the very question in *Hall v. Misenheimer,* 137 N. C., 184, and it is just as well to reproduce what was then said as to restate the doctrine. It is an important one in pleading and practice, as well as in its direct application upon the rights of parties with respect to their contracts which fall within the provisions of the statute. It was said in that case:

"But we think there is a serious obstacle in the way of plaintiff's recovery. The statute expressly requires a contract to sell land, or some note or memorandum thereof, to be put in writing and signed by the party to be charged therewith or by his lawfully authorized agent. The Code, sec. 1554. In order, therefore, to charge a party upon such a contract, it must appear that there is a writing containing expressly or by implication all the material terms of the alleged agreement, which has been signed by the party to be charged, or by his agent lawfully authorized thereto. *Gwathmey v. Cason,* 74 N. C., 5 (21 Am. Rep., 481), especially at page 10, where *Rodman, J.,* states the rule. *Miller v. Irvin,* 18 N. C., 104; *Mizell v. Burnett,* 49 N. C., 249, 69 Am. Dec., 744; *Rice v. Carter,* 33 N. C., 298; *Neaves v. Mining Co.,* 90 N. C., 412;

*Mayer v. Adrian,* 77 N. C., 83. Many other cases could be cited from our Reports in support of the rule, but those we have already mentioned will suffice to show what is the principle, and how it has been applied. In commenting on the policy of the statute, so far as it affects the vendee, and answering a suggestion that the statute applies only to the vendor, who alone conveys the land or any interest therein, *Ruffin, C. J.,* for the Court, in *Simms v. Killian,* 34 N. C., 252, says: 'The danger seems to be as great that a purchase at an exorbitant price may by perjury be imposed on one who did not contract for it, as that by similar means a feigned contract of sale should be established against the owner of the land. Hence, the act in terms avoids entirely every contract of which the sale of land is the subject, in respect of a party—that is, either party—who does not charge himself by his signature to it after it has been reduced to writing.' So in a case where a stipulation that the vendee would open a street, which constituted a part of the price to be paid for the land, was not stated in the writing, it was held by this Court that the vendor could not recover for a breach of the stipulation, because, being a part of the price, it was also a part of the agreement, and was not evidenced by a writing which had been signed by the defendant. *Hall v. Fisher,* 126 N. C., 205; *Ide v. Stanton,* 15 Vt., 685, 40 Am. Dec., 698. The fact that the defendant in this case paid $5 on the purchase money and took possession of the land, does not change the result. The doctrine of part performance is not now recognized by this Court.

"The party to be charged upon a contract, within the meaning of the statute, is the defendant in the action, or the party against whom it is sought to enforce the obligation of the contract. It is not the vendor, unless he occupies upon the record the position of the party who is called upon to perform his contract. . . . Anything said in *Taylor v. Russell,* 119 N. C., 30, in conflict with this view of the statute cannot, we think, be sustained. *Green v. R. R., supra,* which is cited in *Taylor v. Russell,* does not support the proposition that the vendee is not protected by the statute. In that case

the plaintiff, who was the vendee, sued the defendant, who was the vendor, to recover the value of the wood which he agreed to give for the land at a stipulated price. The Court held merely that as the plaintiff had sued on the contract and the defendant had waived the statute, he was bound by its terms and must recover, if at all, not the value of the wood, but the price agreed upon. He could not in such case repudiate his contract, when defendant was willing to perform it. In support of this ruling, the Court cited *Mizell v. Burnett, supra,* which case directly sustains the doctrine as we have stated it. The defendant, therefore, can avail himself of the statute as the party to be charged."

We cite in support of the principle as thus stated, the following cases: *Mizell v. Burnett,* 49 N. C., 249; *Love v. Welch,* 97 N. C., 200; *Green v. R. R.,* 77 N. C., 95; *Love v. Atkinson,* 131 N. C., 544. The case last cited, decided some time after *Taylor v. Russell,* is directly in point, and the full purport of the case is thus stated in the syllabus: "The vendor who signs a contract for the sale of land cannot enforce payment of the purchase money by the vendee, if he has not signed the contract, though the vendee has paid a part of the purchase money and has been put in possession." In *Davis v. Martin,* 146 N. C., 281, *Justice Brown* said: "The fact that the plaintiffs did not sign the contract will not avail defendants. It was duly executed, delivered, and registered, and is binding on the party to be charged. The plaintiffs are not the parties to be charged, within the meaning of the statute of frauds. They stand by their contract to pay, and seek to charge the defendants with its performance." In *Bank v. Loughran,* 126 N. C., 814, the vendee had executed notes for the purchase money, and the action was brought to recover the amount of the notes. He could not, of course, plead the statute to defeat his own written and signed promise to pay money. *McNeill v. Fuller,* 121 N. C., 209, was like *Bank v. Loughran, supra*—an action on notes given for the purchase money of land. It is true that *Justice Furches,* who wrote the opinion in *Taylor v. Russell,* uses this expression, "But if there was no bond, the defendants

are at the wrong end of the contract to plead or take advantage of the statute of frauds"; but this was a *dictum,* and a clear inadvertence, as it is opposed by all the best considered cases on the subject. Nor does *Harty v. Harris,* 120 N. C., 410, apply. The point was not made in the case. The present *Chief Justice* well says, at the conclusion of the opinion: "The statute of frauds cuts no figure. It is not pleaded, nor is the contract of leasing denied. On the contrary, the party who might plead the statute avers and is relying on the contract. The only controversy is as to its terms and legal effect. *Taylor v. Russell,* 119 N. C., 30. Besides, if the lease were void under the statute of frauds, the lessors could only recover for the time the premises were occupied. The Code, sec. 1746." That is in harmony with *Smith v. Arthur, Hall v. Misenheimer,* and the other cases; but all of the cases cited, except *Taylor v. Russell* and *McNeill v. Fuller,* in which *dicta* to the contrary will be found, are far from even intimating that there is a "wrong end of the contract," and that the party who is unfortunate to be at that end is not in the protection of the statute. The case of *Rogers v. Lumber Co.,* at last term, *ante,* 108, did not present the question now being considered, as will appear from the following extract: "It has, been suggested that said promise was void because it was an agreement in regard to an interest in land, and should have been in writing. Revisal 1905, sec. 976. But this was an executed and not an executory contract to convey an interest in land. That had already been done in the written contract. Besides, this is not pleaded. This was a stipulation to assume the payment of a certain sum of money." It is true that *Taylor v. Russell* is cited in that case, and with reference to it the following is said: "That case cites *Green v. R. R.,* 77 N. C., 95, and other cases which hold that the promisor to pay money 'is at the wrong end of the contract' to object that the agreement is not in writing. This has been cited and affirmed in *Harty v. Harris,* 120 N. C., 410, 27 S. E., 90; *McNeill v. Fuller,* 121 N. C., 213, 28 S. E., 299; *Bank v. Loughran,* 126 N. C., 818, 36 S. E., 281; *Davis v. Martin,* 146 N. C., 281, 59 S. E., 700." But this may serve to

explain what was meant in *Taylor v. Russell* by the words: "He is at the wrong end of the contract to do this"—that is, to plead the statute of frauds. In *Taylor v. Russell* the action was between two partners who had agreed upon terms of settlement of their affairs, one of which was that the plaintiff should convey to defendant one-half interest in a mill site and improvements, the defendant having received a large part of the assets of the concern. Plaintiff asked for an account. It was held that in equity the agreement, so far as it related to the mill site, would be deemed as executed, and the title to one-half thereof as vested in the defendant. "If the plaintiff is ready and willing to convey, as he alleges he is, equity will consider that which should be done as done, and the defendant, in equity, a joint owner of this property." This brought the case within the ruling in *Smith v. Arthur, supra,* as the contract was treated, whether rightly or wrongly, as executed. By what was said in regard to the "wrong end of the contract" was meant, perhaps, that as the defendant had received his share, he could not plead the statute so as to prevent the plaintiff from complying with his part of the contract by executing the deed as evidence of the defendant's title to the land. If it meant any more than that, it is not in alignment with the well-settled doctrine of the courts. The promise in *Rogers v. Lumber Co., supra,* was an original one—not a promise to answer for the debt of another—and the statute did not apply in any view of the facts. We have seen that *Green v. R. R., Harty v. Harris, Davis v. Martin,* and other cases cited do not decide that the application of the statute is to be determined by the relative position of the party who pleads it, in the contract, whether at one "end" or the other, but his position on the record, as nominally or substantially a defendant or "the party to be charged." The decision in *Rogers v. Lumber Co.* did not turn upon the position of the parties with reference to the contract, but upon the conceded fact that the promise attempted to be enforced was an original one and not one to answer for the debt of another, and neither party could rely on the statute to defeat the other. It is clear that a mere "promisor to pay

money" for a good consideration moving directly to him from the party to whom the promise is made, is not in a position to plead the statute of frauds, for he is not within either its letter or spirit.

The view herein taken of the statute is supported not only by our own decisions, but by those in other jurisdictions. The rule is stated, as I understand it to be, in 20 Cyc., at page 272, with a copious reference in the notes to the authorities, as follows: "A party not signing the memorandum obviously cannot be charged on the contract; but in England, and generally in the United States, the only signature made necessary by the statute is that of the party against whom the contract is sought to be enforced. . . . In reference to contracts for the sale of land it is generally held, as in other agreements within the statute of frauds, that the party not signing the memorandum is not bound; but that the only signature required is that of the party against whom the contract is sought to be enforced." In *Morin v. Martz,* 13 Minn., 191, it is said: "It will also appear from the authorities cited, that the language, 'who is to be charged by it,' is held equivalent to the language, 'who is to be charged by it in the suit,' or 'against whom it is sought to be enforced.' . . . It would seem that by a strong and united current of authority the signification of the words 'parties to be charged therewith,' or of words equivalent in the statute of frauds, has been settled by adjudication reaching over a very long period of time." In the leading case of *Laythoarp v. Bryant,* 29 Eng. C. L., 469 (7 Bing. N. C., 35), the vendee only had signed the memorandum upon which the suit was brought against him, and he was held to be bound as the party to be charged. *Chief Justice Tindal,* referring to the words of the statute, unless the contract or some memorandum thereof shall be in writing and signed by the party charged therewith, inquired, "By what party?" He answered his own question thus: "By the party to be charged therewith—the defendant in the action." He then added that, "The object of the statute was to secure the defendant's signature, and the whole purpose of the Legislature is answered when we put this con-

struction on the statute. When the party who has signed is the one to be charged, he cannot be subject to any fraud." In this respect the English statute and ours are worded alike. In 1 Reed on Statute of Frauds, vol. 1, sec. 359, and p. 578, it is said: "Whether he be vendor or vendee is immaterial; the vendee, if defendant, must sign, and the vendor, if defendant, must sign. The vendee, if plaintiff, does not have to sign." The cases on this point are numerous and uniform in holding according to the rule I have stated: *Martin v. Mitchell,* 2 Jac. and W., at p. 426; *Seton v. Slade,* 7 Vesey Ch. Rep., 265-275; *Newby v. Rogers,* 40 Ind., 9; *Dressel v. Jordan,* 104 Mass., 412; *Justice v. Lang,* 42 N. Y., 493-501; *Ives v. Hazard,* 67 Am. Dec. (4 R. I., 14), 500; *Black v. Crowther,* 74 Mo. App., 480; *Houghwont v. Boisanbin,* 18 N. J. Eq., 315; *Bowers v. Whitney,* 88 Minn., 168; *Appeal of McFarson,* 11 Pa. St., 503; *Raphael v. Hartman,* 87 Ill. App., 634; *Hodson v. Carter,* 3 Pinney (Wis.), 212. An instructive case is *Marqueze v. Caldwell,* 48 Miss., 23, in which the Court reviews the authorities, and says at p. 31: "The statute exacts that the contract or agreement, or some note or memorandum thereof, shall be signed by the person to be charged. It is said by Sugden on Vendors, p. 99, 'that he who signs will be bound, although the other party did not sign.' If the suit be against the party who signs, the statute is satisfied, for he is the party charged. This author states that this view of the statute has been sustained by the authority of *Lords Keepers North* and *Wright, Lord Hardwicke, Ch. Bar. Smith, Lords Eldon, Thurlow,* and *Sir William Grant.* Browne in his Treatise on the Statute, p. 385, says: 'It is now uniformly held that the signature of the defendant in the suit, alone, or the party who is to be charged upon the agreement, is sufficient.' . . . *Chancellor Kent,* in *Clason v. Bailey,* 14 Johns., 484, after a very thorough review of the English cases, came to the conclusion that 'The point is too well settled to be now questioned.'" In *Hodson v. Carter, supra,* the clear result of the cases is thus expressed: "It required the memorandum to be 'signed by the parties to be charged by such contract.' And yet this language has been

construed as not requiring the signature of the parties to be charged with the contract, but as requiring simply the signature of the party to be charged by the suit. And this construction has been established, in spite of the earnest protest of *Lord Redesdale,* through a series of adjudications, both at law and in equity, in England and in this country, by a weight of authority quite beyond the limits of questioning, and almost above the reach of criticism. See, for a review of these authorities, *Clason v. Bailey,* 14 Johns., 484." Equally positive and strong is the language of the Court in *Justice v. Lang, supra:* "The end and object of the statute are obtained by written proof of the obligation of the defendant; he is the party to be charged with a liability, dependent on and resulting from the evidence, and he is intended to be protected against the dangers of false oral testimony. To say that the plaintiff or the party seeking to enforce a contract is himself a party to be *charged* therewith is a perversion of language." And in *Newby v. Rogers, supra,* the rule is thus tersely stated: "When the statute speaks of the 'party to be charged,' it must be understood to mean the defendant to the action. The note or memorandum must be signed by him, but need not be signed by the plaintiff." *Sir Thomas Plumer,* Master of the Rolls, in *Martin v. Mitchell, supra,* said that "The word 'charge' evidently means charged in the action. When you file a bill, you attempt to charge the defendant; and if he has signed the agreement, it is signed by the party to be charged, and it seems to follow that he cannot take advantage of the statute." See, also, *Williams v. Robinson,* 73 Me., 194; *Improvement Co. v. Guthrie,* 116 N. C., 381; *Foust v. Shoffner,* 62 N. C., 242. *Davis v. Yelton,* 127 N. C., 348, is very much in point. Vendor had signed memorandum to convey land to vendee, who, in his turn, had verbally promised to pay $400 for it. Suit was brought by vendor for specific performance and defendant (vendee) pleaded the statute of frauds. The court refused to permit the introduction of parol evidence to show the defendant's promise to pay the purchase money, and charged that the plea of the statute was good and plaintiff could not recover. This Court held that the charge

was correct, and affirmed the judgment, citing *Rice v. Carter,* 33 N. C., 298; *Wade v. New Bern,* 77 N. C., 460, and *Gwathmey v. Cason,* 74 N. C., 5, as controlling authorities which sustained the ruling.

The following authority, 29 Am. and Eng. Enc. (2 Ed.), 808, and the cases cited in note 6, viz., *Holland v. Hoyt,* 14 Mich., 238; *Burke v. Wilber,* 42 Mich., 327; *Washington Glass Co. v. Masbaugh,* 19 Ind. App., 105, will be found, upon careful examination, to be based upon statutes worded differently from ours, and, besides, the decisions were made upon executed contracts, and it appears, too, that the vendees had either given notes for the purchase money or signed a memorandum.

My conclusion is that the statute of frauds, which was relied on by the plaintiff in this case, defeated the defendant's recovery, apart from the other reason assigned by the Court.

JUSTICE BROWN concurs in opinion of JUSTICE WALKER.