WACHOVIA BANK AND TRUST COMPANY, ADMINISTRATOR OF MARTIN C.
FREEMAN, v. EMMA MATTHEWS FREEMAN ET AL.

(Filed 23 November, 1927.)

**Executors and Administrators—Sales—Deeds and Conveyances—Tender
—Time Not the Essence—Change in Value of Lands.**

Where upon the petition of an administrator the court appoints a
commissioner to sell the lands of the intestate, encumbered by mortgage,
and convey title upon receiving part cash and the balance in certain
deferred payments, it is required that the commissioner tender proper
deeds to the purchaser, with satisfaction slip, or cancellation of the mort-
gage, and while time may not be regarded as of the essence of the con-
tract, the purchaser will not be required to accept the deeds if by a pro-
longed delay the values of the lands purchased have changed.

APPEAL from *Oglesby, J.,* at July Term, 1927, of RICHMOND.

The plaintiff filed a petition before the clerk to sell for assets certain
real estate of which its intestate had died seized: (1) The home place
in Hamlet; (2) a lot on Spring Street; (3) four lots on Hamlet Avenue;
(4) about 50 lots near the cemetery. A supplemental petition was filed
in which the plaintiff alleged that the following offers for the purchase
of the property had been made: for the home place $5,450, by Mrs.
J. C. Hedgepeth; for the lot on Spring Street $905, by S. P. Peele; for
the lots on Hamlet Avenue $1,920, by J. S. Braswell; for the other lots
$4,000, by H. B. Ingram, Vernon Allen, and J. S. Braswell. The clerk
adjudged that the offers should be approved and that the terms of sale
should be not less than one-third cash and the remainder in two equal
annual installments, to be evidenced by notes bearing interest and to be
secured by first mortgages on the property conveyed; and further, that
a commissioner be appointed to execute deeds therefor to the respective
purchasers upon payment in part, and the execution of notes and deeds
of trust to secure them. A commissioner was appointed to make the
sale and conveyance to the purchasers, and he filed a report to the
effect that he had tendered deeds to the respective parties and that they
had declined to accept them. An order to show cause was then issued
and served upon J. S. Braswell individually and upon J. S. Braswell,
H. B. Ingram, and Vernon Allen as joint bidders, and they filed answers
alleging outstanding and unpaid mortgages on all the property. The
controversy thus raised was referred by consent to R. C. Lawrence to
determine and report all matters of fact and law. He made a report
setting forth his findings of fact (to which there was no exception) and
his conclusions of law, which are as follows:

1. The purchasers should not be relieved of their bids on account of
any delay of the commissioner in tendering the deeds, because such delay

was primarily due to the fact that the attorneys for the purchasers had not completed the examination of the title, and also because time is not of the essence of such a contract. *Davis v. Martin,* 146 N. C., 281; *Crawford v. Allen,* 189 N. C., 434, and other cases.

2. As it was incumbent upon the sellers to tender a good and perfect title to the purchasers before the purchasers could be required to comply with the terms of their bids, it was incumbent upon the sellers to tender a proper satisfaction slip or cancellation of the mortgage held by W. R. Land, as well as a deed in proper form executed by the commissioner, and as there was no tender of such cancellation or satisfaction slip, executed by W. R. Land, the mortgagee, the purchasers could not be required to comply with the terms of their bids.

3. As a matter of technical law, the conclusion reached in the last above paragraph is true, notwithstanding the facts found by the referee in paragraph seventeen of the findings of fact.

4. As time is not of the essence of the contract, a good and sufficient tender might yet be made were it not for the change in value which has taken place since the contract with respect to the lands which are the subject of this action.

5. The referee therefore concludes that plaintiff is not entitled to enforce the bids of J. S. Braswell, and J. S. Braswell and others, and that the respondents are entitled to go without day.

The plaintiff excepted to the second, third, and fifth conclusions; also because the referee failed to conclude as a matter of law that the plaintiff was entitled to the relief demanded.

The judge overruled the exceptions and gave judgment for the defendants. The plaintiff excepted and appealed.

*Biggs & Broughton for plaintiffs.*
*Gibbons & LeGrand and Bynum & Henry for defendants.*

PER CURIAM. In its petition to sell the intestate's real property for assets the plaintiff alleged that mortgages in the aggregate amount of $12,000 were outstanding against all the property. When notice to show cause why they should not comply with their offer of purchase was served on J. S. Braswell individually and on Braswell, Ingram and Allen as joint bidders, they set up the lien of the mortgages and alleged that they had notified the commissioner that "the said mortgage liens would have to be paid and canceled of record as agreed upon on the date of said sale before the respondents would accept title to the same and pay the purchase price agreed upon." The referee found as facts that the plaintiff had made an arrangement with one of the mortgagees whereby he was to accept the cash and notes of the purchasers and

cancel his mortgage, and that it was announced at the sale that this arrangement would be carried out; but that when the commissioner tendered his deed the mortgagee was not present and that no cancellation or release of his mortgage had been tendered the purchasers. Thereupon the referee held as a conclusion of law that it was incumbent upon the seller to tender a good and perfect title before the purchasers should be required to comply with their bids and that the plaintiff under the circumstances could not enforce the purchasers to accept the commissioner's deeds and to comply with the remaining terms of their offer of purchase. The presiding judge confirmed the referee's report and held that the plaintiff could not enforce the bids. We find no error in this ruling and accordingly affirm the judgment.

Affirmed.