AMERICAN TRUST CO., Receiver, v. W. L. JENKINS et al.

(Filed 2 January, 1929.)

1. **Reference—Nature, Grounds, and Order of Reference—Power of Trial Court to Set Aside Order of Compulsory Reference.**

    Where the trial judge has ordered a compulsory reference upon the ground that the complaint stated a long and involved account, and where no exception is taken to the order by either party, the court is without authority to set aside the order of reference and submit the case to the jury when upon his rulings the referee has committed error in excluding certain evidence materially bearing upon the controversy. C. S., 577.

2. **Same—Exceptions to Order of Reference—Trial By Jury.**

    A party to an action waives his right to a trial by jury by not excepting to the order of compulsory reference, and after such exception, by not tendering proper issues arising under his exceptions, or by not otherwise preserving his right thereto.

CIVIL ACTION, before *Harding, J.,* at March Special Term, 1928, of MECKLENBURG.

The plaintiff as receiver for the Security Savings Bank instituted an action against the defendants, who were stockholders in said Savings Bank, to compel said stockholders to pay to said receiver their stock liability. Pleadings were filed by the defendants, and at the April Term, 1927, Judge Finley, finding that the cause "would require the taking of a long account," referred the case to a referee. There was no objection or exception to the order of reference and no demand for a jury trial. Thereafter, the parties appeared before the referee who declined to permit the introduction of certain books and records offered by the plaintiff, and further declined to permit the plaintiff to introduce certain pertinent evidence upon the questions involved in the suit. The referee made his report, and exceptions were filed by the plaintiff, who requested the court "to set aside the referee's report and the order of reference and to proceed with the trial of this cause." No issues, however, upon the exceptions were tendered by the plaintiff. Thereupon,

the trial judge found as a fact "that the referee's actions were sincere and honest, but the court being of the opinion that the exclusion of the evidence and the books was erroneous, and that the books should have been admitted in evidence, under testimony of witnesses, for identification. It is therefore ordered that the report of the referee be, and the same is set aside; and the order of reference heretofore made is revoked to the end that this cause may be set down for trial by a jury at such day as plaintiff and defendant may agree upon, at the convenience of the court."

To the foregoing judgment the defendants appeal, assigning error.

*Whitlock, Dockery & Shaw for plaintiff.*
*C. A. Cochran and John M. Robinson for defendant.*

BROGDEN, J. Can a trial judge revoke an order of compulsory reference, made without objection or exception, and set the cause for trial by a jury?

The principle of law applicable to the facts disclosed by the record was stated in *Rogers v. Lumber Co.,* 154 N. C., 108, 69 S. E., 788, as follows: "When there is a consent reference the court cannot set aside the method of trial agreed upon by the parties. It can affirm, modify, or disapprove the report of the referee or can rerefer the case. When it is a compulsory reference, if either party reserves his right to a jury trial, in the manner pointed out in *Driller Co. v. Worth,* 117 N. C., 515, the judge can set aside the reference and submit the case to the jury upon proper issues." The question immediately arises: "Did either party reserve his right to a jury trial," in the manner pointed out in *Driller Co. v. Worth,* 117 N. C., 515? An examination of that case discloses that a party, in order to preserve his constitutional right of trial by jury, must cause his objection to be tendered of record when the compulsory order of reference is made. And even if this is done, he will still waive his right of trial by jury by failing to assert such right in his exceptions to the referee's report. *Baker v. Edwards,* 176 N. C., 229, 97 S. E., 16; *Jenkins v. Parker,* 192 N. C., 188, 134 S. E., 419. In the latter case the rule was thus stated by *Stacy, C. J.:* "When a compulsory reference is ordered, the party who would preserve the right to have the issues found by a jury, must duly except to the order of reference; and, upon the coming in of the referee's report, if it be adverse, he must file exceptions thereto in apt time, properly tender appropriate issues, and demand a jury trial on each of the issues tendered, and, if the referee's report be in his favor, he must seasonably tender issues on the exceptions, if any, filed to the report by the adverse

party, and demand a jury trial thereon, or else the right to have the controverted facts determined by a jury will be deemed to be waived, so far as he is concerned."

Does the failure of a party to except to the order of compulsory reference or to preserve his right of trial by a jury, as pointed out in the decisions, deprive the trial judge of power to revoke such order of reference? This question was definitely answered in the case of *Smith v. Hicks,* 108 N. C., 249, 12 S. E., 1035. Therein, a compulsory reference was ordered. No exception was noted to the order. Thereafter, the referee filed a report to which the plaintiff filed an exception and demanded a jury trial. At a subsequent term the defendant moved to confirm the report. The plaintiff insisted upon submitting an issue to the jury, asserting that the reference was compulsory, and hence the court had no power in such event to withdraw the case from the jury. The court ruled with the plaintiff and submitted an issue to the jury and the defendant excepted. This Court said: "The nature of the action was such as to require an account to be taken. To that end, the court made the order of reference in the presence of the parties and their counsel. In the absence of objection, the reasonable and just implication and inference was that they assented to and sanctioned it. That they did, and that such a reference is made by consent, is clearly settled by numerous decisions of this Court. Moreover, such consent is in effect a waiver of the right to a trial by jury."

In the case at bar the referee misconceived his duty. C. S., 577, requires referees to receive and preserve the testimony "of all witnesses on both sides," and to file the testimony with his report. While the referee has power to rule upon the competency of evidence offered by a party or to exclude such testimony from his consideration in making up his report, nevertheless this power must be exercised in subjection to the ultimate right of the parties to have the trial judge to "review the report, and set aside, modify or confirm it in whole or in part," etc. *Mills v. Ins. Co., ante,* 223. The trial judge cannot intelligently review the report, modify or confirm it, unless the evidence offered by the parties is before him. If a referee refuses to comply with the order of reference, or otherwise fails to perform the duties contemplated by law, the trial judge has the power to remove him, but under the authorities recognized and applied in this jurisdiction, the trial judge has no power to revoke an order of reference under the circumstances disclosed by this record.

Reversed.